UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE OF MICHIGAN,
LAVONYA NELSON,

       Plaintiffs,                      CIVIL ACTION NO. 07-15028

v.                                      DISTRICT JUDGE ANNA DIGGS TAYLOR

MARLON D. MATTHEWS-EL,       MAGISTRATE JUDGE DONALD A. SCHEER

       Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Defendant's Removal Petition is fatally defective and his Application to Proceed in Forma Pauperis should be DENIED. The court should enter a summary order of remand and return this action to the state court.

\* \* \*

Defendant, Marlon Matthews-El, filed a Notice of Removal on November 27, 2007, seeking to remove his pending criminal case from the Wayne County Circuit Court to this federal court. Defendant indicated that the State of Michigan, on behalf of Lavonya Nelson, had brought a felony non-payment of child support criminal action against him in the Wayne County Circuit Court (See Cover Sheet, attached to Notice of Removal at Docket #1). Defendant failed to attach copies of any state court process, pleading or order, and he failed to state in his Notice of Removal the exact date on which the state court criminal action commenced. Defendant filed an Application to Proceed in Forma Pauperis on November 27, 2007 (Docket #3).

Defendant's Notice of Removal is, for the most part, incomprehensible. He appears to challenge the authority of the State of Michigan to maintain its pending felony non-support action against him. He maintains that the State's action involves material violations of Title 42 U.S.C. §§1981, 1982, 1983 and 1985. Removal of civil rights cases is governed by 28 U.S.C. §1443. That statute provides as follows:

> Any of the following civil actions or criminal prosecutions, commenced in a state court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
>> (1) against any person who is denied or can not enforce in the courts of such state a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>>
>> (2) for any act under color of authority derived from any law providing for equal rights, or refusing to do any act on the ground that it would be inconsistent with such law.

Title 21 U.S.C. §1443. Only §1443(1) applies in this case.

The United States Court of Appeals for the Sixth Circuit has declared that §1443 is a statute of very limited application. "Only when state laws violate 'equal civil rights' based on racial grounds is §1443(1) applicable. State of Ohio v. Denman, 462 F.2d 1292 (6th Cir. 1972) (citing Georgia v. Rachel, 384 U.S. 780 (1966)). In Denman, the court was considering the appeal of a district court's remand of a child support case pending in a state court. As in the case at bar, the defendant in the state court action had sought removal on federal civil rights grounds. In affirming the district court's remand order, the court found that a prosecution under state law for non-support did not violate the defendant's "equal civil rights" within the meaning of §1443(1) and was not transferrable to federal court.

2

> Broad general allegations of deprivation of civil rights are not sufficient to permit removal. Greenwood v. Peacock, 384 U.S. 808, 827, 86 S.Ct. 1800, 16 L.Ed. 2nd 944. "The action of the district court in remanding this case to the Ohio municipal court is supported by the well settled law of this circuit. City of Cleveland v. Corley, 398 F.2d 41 (6th Cir.); Grubbs v. Pound, 374 F.2d 448 (6th Cir.); Townsend v. State of Ohio, 366 F.2d 33 (6th Cir.); Hull v. Jackson County Circuit Court, 138 F.2d 820 (6th Cir.).

Denman, 462 F.2d 1292. Even under the most liberal interpretation of the allegations in the removal notice in the instant case, I conclude that the state non-support action does not violate Defendant's civil rights within the meaning of §1443, and that it is not transferrable to federal court.

Well beyond the fatal substantive deficiency of the removal notice, Defendant has virtually ignored the procedural requirements of 28 U.S.C. §1446. Section 1446(a) requires a defendant desiring to remove any criminal prosecution from a state court to file a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant in the state action. Defendant's rambling notice and memorandum fail to assert a plausible jurisdictional theory, and fail as well to include a copy of any process, pleading or order of the state court, despite language in the notice which declares to the contrary.

Section 1446(c)(1) requires that a notice of removal of a criminal prosecution be filed not later than 30 days after the arraignment in the state court, or any time before trial, whichever is earlier. While Matthews-El has attached no documents from the state court action against him, the case number (94-464050-0718454) suggests that the state proceeding was instituted in 1994.

28 U.S.C. §1446(c)(4) requires the United States District Court in which a removal notice is filed to examine it promptly. "If it appears on the face of the notice and any

3

exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." For all of the reasons discussed above, I recommend that a Summary Order of Remand be issued in this case. Because the Notice of Removal fails to present a case justiciable in this court, I recommend that Defendant's Application to Proceed In Forma Pauperis be denied. 28 U.S.C. §§1915(a), (d).

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Taylor's acceptance thereof is waived.

        s/Donald A. Scheer
        DONALD A. SCHEER
        UNITED STATES MAGISTRATE JUDGE

DATED: December 28, 2007

---

### CERTIFICATE OF SERVICE

I hereby certify on December 28, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on December 28, 2007. **Marlon Matthews.**

        s/Michael E. Lang
        Deputy Clerk to
        Magistrate Judge Donald A. Scheer
        (313) 234-5217